UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
MAYA I.D.F.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                          1:21-CV-03617-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In September of 2018, Plaintiff Maya I.D.F.[1] applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, *pro se*, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

      This case was referred to the undersigned on March 24, 2022. Presently pending is the Commissioner's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

(Docket No. 13). For the following reasons, the Commissioner's motion is due to be denied and this case is remanded for further proceedings.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on September 11, 2018, and September 27, 2018, respectively, alleging disability beginning July 24, 2018. (T at 193-99, 200-208).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on July 8, 2020, before ALJ Angela Banks. (T at 25). Plaintiff appeared with an attorney and testified. (T at 30-40). The ALJ also received testimony from Dale Pasculli, a vocational expert. (T at 41-43).

### B. ALJ's Decision

On August 25, 2020, the ALJ issued a decision denying the applications for benefits. (T at 84-101). The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 24, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through September 30, 2020 (the date last insured). (T at 89). The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine and

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

degenerative joint disease of her bilateral knees were severe impairments as defined under the Act. (T at 90).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 90).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can occasionally balance, stoop, crouch, kneel, and crawl; occasionally climb ramps and stairs, but she can never climb ladders, ropes or scaffolds; sit for no more than about 30 minutes without interruption, followed by an opportunity to stand and stretch briefly (1 to 2 minutes) without leaving the work station; stand and/or walk without interruption for a combined total of no more than about 30 minutes, followed by an opportunity to sit for up to 5 minutes. (T at 91).

The ALJ concluded that Plaintiff could not perform her past relevant work as a physical instructor. (T at 93).

However, considering Plaintiff's age (46 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the

national economy that Plaintiff can perform. (T at 93-94). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between July 24, 2018 (the alleged onset date) and August 25, 2020 (the date of the ALJ's decision). (T at 21-22). On March 5, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.  *Procedural History*

Plaintiff commenced this action, *pro se*, by filing a Complaint on April 22, 2021. (Docket No. 1). On November 28, 2021, the Commissioner filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 13, 14). Plaintiff filed two (2) letters in support of her challenge and in opposition to the Commissioner's motion. (Docket No. 16, 17).

## II.  APPLICABLE LAW

A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.     Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

C.   Pro Se Status

In the Second Circuit, "[w]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)(quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (alterations in original).  This applies to requests for review of the denial of Social Security benefits. *See Tipadis v. Comm'r of Soc. Sec.*, 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018).

### III.  DISCUSSION

Plaintiff submitted two (2) *pro se* letters providing this Court with background concerning her life circumstances, progress in recovery from an accident in June of 2018, and future aspirations. (Docket Nos. 16 & 17).[3]  This Court will deem Plaintiff's letters to be a request for remand and consider whether the ALJ's decision was consistent with applicable law, accompanied by an adequate explanation, and supported by substantial evidence.

A.  RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the

---

[3] Plaintiff also discusses new injuries arising from a motor vehicle accident that occurred in February of 2022.  Because this was after the date of the ALJ's decision, any additional alleged impairment arising from this incident would need to be the subject of a new application for benefits and is outside the scope of this Court's review.

final responsibility for deciding these issues is reserved to the Commissioner.").

As mentioned above, the ALJ determined that Plaintiff retained the RFC to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can occasionally balance, stoop, crouch, kneel, and crawl; occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; sit for no more than about 30 minutes without interruption, followed by an opportunity to stand and stretch briefly (1 to 2 minutes) without leaving the work station; stand and/or walk without interruption for a combined total of no more than about 30 minutes, followed by an opportunity to sit for up to 5 minutes. (T at 91).

It is well-settled that the ALJ must provide an adequate "roadmap" for her reasoning. The failure to do so deprives the Court of the ability to determine accurately whether the ALJ's opinion is supported by substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (noting that "the crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence").

In other words, it is the ALJ's responsibility to "build an accurate and logical bridge from the evidence to [her] conclusion to enable meaningful

review." *Horton v. Saul*, 19-CV-8944, 2021 WL 1199874, at *12 (S.D.N.Y. March 30, 2021) (quoting *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp.2d 133, 142 (N.D.N.Y. 2012)); *see also Diaz v. Comm'r of Soc. Sec.*, No. 18-CV-8643 (SN), 2020 WL 1699996, at *11 (S.D.N.Y. Apr. 8, 2020)("The ALJ's consideration of these factors must be evident from the ALJ's decision, as the claimant is entitled to an explanation as to why the ALJ did not credit the findings of a treating physician.").

Here, the Court finds that the ALJ failed to provide an adequate roadmap of her reasoning.

Dr. Howard Baum, a treating orthopedist, provided an assessment in June of 2020, in which he described Plaintiff as experiencing abnormal gait, limited range of motion in the lumbar spine, and limited range of motion in the right knee. (T at 445). He opined that Plaintiff would need to lie down for 30-60 minutes during the day. (T at 445-46). Dr. Baum reported that Plaintiff could sit for 30 minutes at a time and for a total of 2 hours in an 8-hour workday; stand for 20 minutes at a time and for a total of 2 hours in an 8-hour workday; and walk for 20 minutes at a time and for a total of 2 hours in an 8-hour workday. (T at 447). He also opined that Plaintiff could occasionally lift up to 5 pounds, but never more than that. (T at 447). Dr. Baum also assessed limitations as to gross and fine manipulation and

opined that Plaintiff could never push or pull with her arms or use her feet for repetitive movements. (T at 448-49).

Dr. Shouhei Yamagami, another treating physician, also completed an assessment in June of 2020. Dr. Yamagami reported essentially the same limitations that Dr. Baum did, including (in particular) limitations on Plaintiff's ability to sit for prolonged periods and lift more than 5 pounds. (T at 542-48).

The ALJ considered the opinions of Dr. Baum and Dr. Yamagami, deemed them "somewhat supported by their examination findings," but determined that the physicians' push/pull, environmental, and manipulation limitations were too restrictive given the clinical findings documented in the treatment notes. (T at 92-93).

The ALJ erred, however, by characterizing the treating physicians' opinions as consistent with the ability to perform a limited range of sedentary work. (T at 92). Notably, both physicians stated that Plaintiff could not sit for more than 2 hours in an 8-hour workday (T at 447, 545), which would erode, and perhaps preclude, the performance of sedentary work. *See Rosa v. Callahan*, 168 F.3d 72, 78 n.3 (2d Cir. 1999); *Maurer v. Comm'r of Soc. Sec.*, No. 21CIV6518KMKJCM, 2022 WL 2657146, at *19

11

(S.D.N.Y. June 17, 2022), *report and recommendation adopted*, No. 21-CV-6518 (KMK), 2022 WL 2657190 (S.D.N.Y. July 8, 2022).

The ALJ failed to acknowledge, let alone address, this conflict between her RFC determination and the assessments of the two treating physicians on an issue material to the ultimate disposition. A remand is required for reconsideration of the treating physicians' opinions. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (holding that "failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand"); *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *Diaz,* 2020 WL 1699996, at *11 ("[R]emand is appropriate when the ALJ fails to 'comprehensively set forth his reasons for the weight assigned to a treating physician's opinion.'")(quoting *Burgess*, 537 F.3d at 129-30)).

This Court recognizes that Drs. Li and Lee, non-examining State Agency review physicians, opined that Plaintiff could sit for about 6 hours in an 8-hour workday. (T at 51, 71). The ALJ found these opinions persuasive and relied upon them in formulating the RFC determination. (T at 92).

Notably, however, the State Agency physicians reviewed the record in January and September of 2019, respectively. Consequently, neither

had the benefit of considering the assessments of the treating physicians, which were not provided until June of 2020.

Moreover, non-examining physician opinions, without more, cannot constitute substantial evidence sufficient to support a denial of benefits, particularly where (as here) the ALJ failed to recognize or reconcile a conflict between those opinions and the assessment of the claimant's treating doctors regarding on issue material to the disability determination. A remand is required. *See e.g., Jimenez on behalf of D.S.J. v. Comm'r of Soc. Sec.*, No. 21CIV2030KMKAEK, 2022 WL 4085953, at *12 (S.D.N.Y. Aug. 18, 2022), *report and recommendation adopted sub nom. Jimenez v. Comm'r of Soc. Sec.*, No. 21-CV-2030 (KMK), 2022 WL 4087958 (S.D.N.Y. Sept. 6, 2022); *Vargas v. Sullivan*, 898 F.2d 293, 295 (2d Cir. 1990); *Rodriguez v. Apfel*, No. 97 CIV. 9030 (MGC), 1999 WL 511867, at *5 (S.D.N.Y. July 19, 1999).

B.      Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are

gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

A remand is warranted here for reconsideration of the treating physicians' opinions in light of the errors outlined above.

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED; Plaintiff's request for remand is GRANTED (Docket No. 17); and this case is REMANDED for further proceedings consistent with this Decision and Order. The Clerk is directed to enter a final judgment consistent with the decision and order.

Dated: September 19, 2022         *s/Gary R. Jones*
                                  GARY R. JONES
                                  United States Magistrate Judge